I respectfully dissent. I do not agree that the Court of Criminal Appeals improperly remanded Campbell's case to the trial court for the State to prove the time of the prior indictments. In past cases, the Court of Criminal Appeals has, and this Court has not disagreed, remanded nonjurisdictional matters to the trial court for further proceedings. Examples include sentencings under the Habitual Felony Offender Act. As long as the defendant had notice, before the sentencing hearing, that he would be sentenced under the Habitual Felony Offender Act, remanding the case to the trial court for the State to provide certified evidence of prior convictions has not offended the requirement of due process or the defendant's rights under the law. Murphy v. State, 536 So.2d (Ala.Crim.App. 1986); Pardue v. State, [CR-97-0551, December 18, 1998] ___ So.2d ___ (Ala.Crim.App. 1998) (defendant claimed the State could not use his prior convictions in a posttrial Rule 32, Ala.R.Crim.P., hearing because at his original sentencing it had failed to produce certified copies of his prior convictions; the Court of Criminal Appeals found no error committed by the trial court). Not only did Campbell have notice of the previous indictments, an indictment is notice to a defendant. Campbell was not ignorant of the State's intentions, for the entire period from his arrest until his final conviction and sentencing, to prosecute him. *Page 328 
I consider the remand of this case by the Court of Criminal Appeals (giving the State the opportunity to prove the time periods covered by the indictments) to be analogous to a remand for the purpose of allowing the State to provide certified copies of prior convictions in compliance with the Habitual Felony Offender Act. Rule 10(g), Ala.R.Crim.P., is simply inapplicable; the State rightly never relied upon that rule. The discussion of that rule in the majority opinion appears to be gratuitous. Campbell was not prejudiced in any way, nor was he without notice of the indictments. I would affirm the judgment of the Court of Criminal Appeals. Therefore, I dissent.